UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
VAKHTANG AMBROLADZE,

                    Petitioner,

            - against -

RAUL MALDONADO, Warden of the
Metropolitan Detention Center; WILLIAM
JOYCE, Acting Immigration and Customs
Enforcement Field Office Director; KRISTI
NOEM, U.S. Secretary of Homeland Security;
TODD M. LYONS, Acting Director of U.S.
Immigration and Customs Enforcement;
PAMELA BONDI, U.S. Attorney General,

                    Respondents.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**
26-CV-0473 (PKC)

PAMELA K. CHEN, United States District Judge:

This is yet another case challenging the Department of Homeland Security's ("DHS") "blanket 'policy' to detain 'everyone who crossed the border,' without regard to compliance history, criminal record, or actual risk." (Pet., Dkt. 1, ¶ 3); *see, e.g.*, *Goorakani v. Lyons*, No. 25-CV-9456 (DEH), 2025 WL 3632896, at *2 (S.D.N.Y. Dec. 15, 2025). Here, Petitioner Vakhtang Ambroladze seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that Respondents, by re-detaining Petitioner after a prior release on recognizance, without providing notice, individualized justification, or a bond hearing, violated his due process rights. (*See generally* Pet., Dkt. 1.) For the following reasons, the petition is GRANTED, and Respondents are ordered to immediately release Petitioner from custody.

## BACKGROUND

Petitioner Vakhtang Ambroladze is a citizen of Georgia who entered the United States without inspection on December 10, 2022. (Pet., Dkt. 1, ¶ 18.) Shortly thereafter, Petitioner was

issued a Notice to Appear ordering him to appear before an immigration judge ("IJ"), and was released from the custody of U.S. Immigration and Customs Enforcement ("ICE") "on his own recognizance." (*Id.* ¶ 18.) Thereafter, Petitioner filed an application for asylum. (*Id.* ¶ 19.)

In January 2026, after being in a car accident caused by another party, Respondents arrested and detained Petitioner "without a warrant, without prior notice, without explanation, and without any individualized assessment of risk." (*Id.* ¶¶ 2, 20.) Petitioner currently is detained at the Metropolitan Detention Center in Brooklyn, New York. (*Id.* ¶ 20.) Petitioner has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting, *inter alia*, that he was wrongfully detained under the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A) ("Section 1225(b)(2)(A)"), and that his detention with "no notice of revocation, no custody review, no hearing, and no opportunity to contest detention" violated his due process rights. (*Id.* ¶¶ 6, 21, 24–29.)

## DISCUSSION

Respondents argue that the Court should reject the petition because Petitioner is subject to mandatory detention pursuant to Section 1225(b)(2)(A). (Gov't's Resp. O.S.C., Dkt. 6, at 5–6.) However, Respondents acknowledge that this Court's decision in *R.A.R.R. v. Almodovar et al.*, No. 25-CV-6597 (PKC) (E.D.N.Y. Dec. 19, 2025) (Oral Ruling and Docket Order), finding that a non-citizen in similar circumstances to Petitioner's could not be detained pursuant to Section 1225(b)(2)(A), "would control the outcome here, and recognize that it would be futile to repeat [its] statutory arguments in opposing the habeas petition." (*Id.* at 3.)[1]

---

[1] Although the Court appreciates Respondents' brevity as part of its desire to "conserve judicial and party resources," (Gov't's Resp. O.S.C., Dkt. 6, at 1), this brevity is a pittance in light the toll Respondents have exacted on the judiciary by continuing to pursue their new mandatory detention policy, despite its near-universal rejection by district courts in this Circuit. *Compare* (Pet., Dkt. 1, ¶ 20 (describing arrest in January 2026)), *with Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *13–14 (S.D.N.Y. Nov. 26, 2025) (extensively

## I.     Petitioner Was Wrongly Detained Under 28 U.S.C. § 1225(b).

The Court adheres to its conclusion in *R.A.R.R.* that 28 U.S.C. § 1226(a) ("Section 1226(a)"), not Section 1225(b)(2)(A), governs Petitioner's detention.  Section 1225(b)(2)(A) provides that an alien who is "an applicant for admission" "shall be detained" "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted."  8 U.S.C. § 1225(b)(2)(A).  As this Court in *R.A.R.R.* and a chorus of district courts have held, a non-citizen who is already in the country pending the outcome of removal proceedings is not "seeking admission," and therefore is not subject to Section 1225(b)(2)(A)'s mandatory detention.  *See R.A.R.R.*, No. 25-CV-6597 (PKC) (E.D.N.Y. Dec. 19, 2025) (Oral Ruling and Docket Order); *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *5–10 (S.D.N.Y. Nov. 26, 2025) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018)) (similarly deriving this conclusion from the "text, structure, and history" of Sections 1225 and 1226); *see also id.* at *13–14 (compiling cases).  Because Petitioner arrived in December 2022, and was released on his own recognizance, he was not "seeking admission" when he was arrested in January 2026, and therefore is not subject to mandatory detention.  (*See* Pet., Dkt. 1); *Barco Mercado*, 2025 WL 3295903, at *5; *Rivera Esperanza v. Francis*, No. 25-CV-8727, 2025 WL 3513983, at *1–6 (S.D.N.Y. Dec. 8, 2025) (compiling cases).

Rather, Petitioner's detention is governed by Section 1226(a), which provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  However, immigration authorities may "release" the non-citizen on bond.  8 U.S.C. § 1226(a)(2).  Re-detention under Section

---

documenting rejection of Respondents' argument in this Circuit, beginning in the summer of 2025).

1226(a) requires an immigration officer to exercise discretion to revoke prior release. *See* 8 C.F.R. §§ 236.1(c)(8)–(9). Here, Respondents effectively admit that they did *not exercise discretion to re-detain Petitioner*; rather, they detained Petitioner pursuant to Section 1225(b)(2)(A). (Gov't's Resp. O.S.C., Dkt. 6, at 2.) Because Respondents detained Petitioner pursuant to the wrong statute, his due process rights were violated. *See Barco Mercado*, 2025 WL 3295903, at *12; *M.K. v. Arteta*, No. 25-CV-9918 (LAK), 2025 WL 3720779, at *8–9 (S.D.N.Y. Dec. 23, 2025) ("Having determined that [Section 1225(b)(1)] is inapplicable to [an individual living in the United States for over two years], the Court concludes that [individual's] detention pursuant to the wrong statute is unlawful."); *Yao v. Almodovar*, No. 25-CV-9982 (PAE), 2025 WL 3653433, at *11 (S.D.N.Y. Dec. 17, 2025) (concluding that "ICE's discretion-free detention of [petitioner] abridged his rights under [Section] 1226 and violated due process," and compiling cases reaching the same solution); *Lieogo v. Freden*, No. 6:25-CV-06615 (EAW), 2025 WL 3290694, at *1–6 (W.D.N.Y. Nov. 26, 2025) (same).

Given that Petitioner was not afforded process prior to his re-detention, the appropriate remedy is release, not an order directing Respondents to give Petitioner a bond hearing. *See Chipantiza-Sisalema v. Francis*, No. 25-CV-5528 (AT), 2025 WL 1927931, at *3–4 (S.D.N.Y. July 13, 2025); *Cardenas v. Almodovar*, No. 25-CV-9169 (JMF), 2025 WL 3215573, at *3–4 (S.D.N.Y. Nov. 18, 2025). Accordingly, the Court grants Petitioner a writ of habeas corpus.

## CONCLUSION

The Court grants the petition for writ of habeas corpus. Respondents are directed to release Petitioner from custody immediately and no later than within 24 hours of this Order. Respondents are further directed to return to Petitioner any and all funds or property seized from Petitioner at the time of his arrest. Respondents are directed to certify compliance with the Court's Order by filing a letter on the docket no later than <u>6:00 p.m. tomorrow, February 5, 2026.</u> The Court further

4

orders that Petitioner must not be re-detained by Respondents without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, at which Respondents will have the burden of showing that Petitioner's re-detention is authorized under Section 1226(a). The deadline for Petitioner to apply for an award of reasonable fees and costs pursuant to the Equal Access to Justice Act is <u>April 1, 2026</u>. The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close this case.

                                SO ORDERED.

                                <u>/s/ Pamela K. Chen</u>
                                Pamela K. Chen
                                United States District Judge

Dated: February 4, 2026
       Brooklyn, New York